## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **SHERRY GOLDSBY, on behalf of** | ) | |
| **herself and all others similarly situated** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:08-00148-KD-N**[1] |
| | ) | |
| **RENOSOL SEATING, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

This action is before the Court on the amended[2] joint motion for approval of settlement agreement and dismissal of claims with prejudice (doc. 170), the parties' amended settlement agreement and release (doc. 170-1), the joint stipulation of dismissal for Cowanda Cobb, Lewis J. Freeman, Taika Hall, Johnnie Hamilton, Rosalind Reeves, and Joyce Williams' claims against Renosol Seating, LLC (doc. 167), the notice of dismissal of the Plaintiffs' claims against the individual defendants David Ash, Pete Bernier, Connie Messer, Wayne Savage, Ricky Brown, and Robert Stricklin (doc. 168), and the amended notice of dismissal and joint stipulation of dismissal for certain plaintiffs' claims against Renosol Seating, LLC (doc. 169).

Upon consideration and for the reasons set forth herein, the amended joint motion for approval of the amended settlement agreement and release (doc. 170) is **DENIED with leave to re-file on or before October 29, 2013;** the joint stipulation of dismissal for Cowanda Cobb, Lewis J.

---

[1] *Sherry Goldsby, et al. v. David Ash, et al.*, Civil Action No. 10-0187-C and *Cassandra Brown, et al. v. Renosol Seating LLC*, Civil Action No. 11-00626-CG-C were consolidated with this action.

[2] The parties' joint motion filed on September 9, 2013 (doc. 165) and the settlement agreement and release (doc. 165-1) are superseded by the amended joint motion (doc. 170) and the amended settlement agreement and release (doc. 170-1).

Freeman, Taika Hall, Johnnie Hamilton, Rosalind Reeves, and Joyce Williams' claims against Renosol Seating, LLC (doc. 167) and the amended notice of dismissal and joint stipulation of dismissal (doc. 169) are **DENIED with leave to re-file on or before October 29, 2013**; and the notice of dismissal as to the individual defendants doc. (168) is **DENIED with leave to re-file on or before October 29, 2013.**

I) Background

On March 18, 2008, plaintiff Sherry Goldsby filed her complaint on her own behalf and on behalf of others similarly situated.  She alleged claims for unpaid overtime under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (FLSA) (Doc. 1).  Defendant Renosol Seating, LLC, answered the complaint, admitted that it is an employer subject to the FLSA, denied all allegations as to any violation of the FLSA, and set forth its affirmative defenses. (Doc. 14)  On December 12 2008, the plaintiffs' motion for collective action pursuant to 29 U.S.C. § 216(b) was granted and this action was conditionally certified as a collective action under the FLSA and the parties were ordered to jointly submit a proposed class notice for approval. (Doc. 31)  Plaintiffs submitted the proposed notice of collective action and proposed consent that was not opposed by Renosol. (Doc. 36)  United States Magistrate Judge Sonja F. Bivins approved the notice and consent and counsel for plaintiffs was directed to mail the documents to the potential opt-in plaintiffs identified by Renosol. (Doc. 37)  Since that time, approximately two hundred and twenty five employees have opted in and filed consents to become party plaintiffs.

On July 7, 2009, Renosol filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-14326 (ALG). (Doc. 62)   On July 14, 2009, this action was stayed pursuant to 11 U.S.C. §362(a). (Doc. 63)

While the bankruptcy action was pending, on October 19, 2009, Sherry Goldsby and

Teyonna Olds filed an FLSA action on behalf of themselves and others similarly situated in the Middle District of Alabama against the individual defendants David Ash, Pete Bernier, Connie Messer, Wayne Savage, Ricky Brown and Robert Stricklin. This action was transferred to the Southern District of Alabama in June 2010. *Goldsby v. David Ash, et al.*, Civil Action No. 2:10-0187-C (S.D. Ala. 2010). Plaintiffs allege that these defendants "acted directly and/or indirectly in the interest of Renosol Seating, LLC in relation to Plaintiffs' employment, and [are] thus, subject to individual liability under the FLSA." (*Id*. at doc. 52, p. 124-127, First Amended Complaint). The individual defendants were identified as corporate officers, participating shareholders and/or members, supervisors, managers and/or other employees of Renosol who exercised supervisory authority over the plaintiffs including their compensation, were "employers" as contemplated under the FLSA, and were responsible in whole or in part for the violations alleged. (*Id.*) Plaintiffs alleged that defendants failed to pay overtime at the statutory rate in violation of 29 U.S.C. § 207 and failed to pay wages for some hours worked in violation of 29 U.S.C. § 206. (*Id.*) On June 9, 2010, after transfer of venue, that action was consolidated with this action for all purposes. (Doc. 89) The individual defendants filed a motion to dismiss but the motion was found moot. (Doc. 138) On motion for reconsideration, the motion was denied. (Doc. 155)

Also while the bankruptcy action was pending, on November 4, 2011, Cassandra Brown and Sarah Johnson filed an FLSA action in the Southern District of Alabama against Renosol and four of the six individual defendants: Messer, Savage, Brown and Stricklin. *Brown v. Renosol Seating, LLC, et al.,* Civil Action No. 2:11-0626-CG-C (S.D. Ala. 2011). The individual defendants were identified as "management-level employees" and "joint employer[s]. . . who supervise[d] Plaintiffs and/or other similarly situated". (Doc. 1) Plaintiffs alleged that defendants failed to pay overtime at the statutory rate in violation of 29 U.S.C. § 207 and failed to pay wages for some hours worked in violation of 29 U.S.C. § 206. (*Id*.) Defendant Renosol admitted that it was an employer subject to

the FLSA but Renosol and the individual defendants denied all other allegations but for venue, jurisdiction, and plaintiff's employment. Defendants raised eighteen affirmative defenses in their answer.  In February 2012, that collective action was also consolidated for all purposes with this action. (Doc. 91)

In May 2012, the stay in bankruptcy was lifted and plaintiffs filed an amended complaint against all defendants in July 2012. (Docs. 103, 125)  Renosol and the individual defendants answered the amended complaint in the main action and denied all allegations but for those related to residence and venue.  Renosol admitted that it is an employer subject to the FLSA. (Doc. 132)

The parties have now filed their amended joint motion for approval of settlement agreement and dismissal of claims with prejudice and their amended settlement agreement and release (Doc. 170; Doc 170-1)  Plaintiff Goldsby, the opt-in plaintiffs, and Renosol state that they have reached a settlement as to all actions. Under the terms of the amended agreement and release, Renosol has agreed to pay a total of $250,00.00 which is divided into plaintiffs' overtime compensation in the total sum of $142,334.59 and $107,665.41 as an agreed attorney's fees and costs to plaintiffs' counsel.

The parties also "stipulate and agree that the terms of this settlement set forth in the Settlement Agreement constitute a fair and reasonable resolution of a bona fide dispute" under the FLSA. They agreed to settle this action because of the continued disagreement over the merits of plaintiffs' claims and the amount of overtime compensation, the uncertainty of the outcome, and the complexity, expense, and duration of continued litigation. The parties request that the Court enter an order to approve the amended settlement agreement and release and dismiss this case with prejudice with each party to bear its own costs.[3]

---

[3] Although the parties refer to the amended agreement as a "Confidential Settlement Agreement and General Release", the document is captioned "Settlement Agreement and Release" (Continued)

The parties also filed the joint stipulation of dismissal without prejudice of the claims of Cowanda Cobb, Lewis J. Freeman, Taika Hall, Johnnie Hamilton, Rosalind Reeves, and Joyce Williams (doc. 167) and an amended notice of dismissal and joint stipulation of dismissal for certain plaintiffs' claims against Renosol (doc. 169).  The parties stipulate to dismissal without prejudice pursuant to "Rule 41(a)(1) and/or 41(a)(2)" (doc. 167).  In the amended notice, the parties clarify that Cowanda Cobb and Taika Hall will participate in the settlement and their claims would not be dismissed.  As a result, the amended joint motion to approve settlement and an amended settlement agreement and release were filed (docs. 170, 170-1).

Plaintiffs also filed a notice of dismissal of their individual claims against defendants David Ash, Pete Bernier, Connie Messer, Wayne Savage, Ricky Brown, and Robert Stricklin (doc. 168). Plaintiffs seek dismissal without prejudice pursuant to "Rule 41(a)(1) and/or 41(a)(2)" of the Federal Rules of Civil Procedure, with each party to bear its own costs.

II) <u>Analysis</u>

In *Lynn's Food Stores, Inc.*, the Eleventh Circuit recognized two (2) methods for settlement of claims brought pursuant to the FLSA: Supervision by the Secretary of Labor or by court approval in a private action where plaintiff is represented by counsel. 679 F.2d 1350 (11th Cir. 1982). As to the latter, the parties may compromise and settle the FLSA claims but only with Court approval of the settlement agreement. The rationale is that:

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a

and does not contain a confidentiality clause nor was it filed under seal. (Doc. 170-1)

settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food, 679 F.2d at 1354. The circuit court concluded that:

[o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

*Id.* at 1355.

Thus, before the Court may approve the amended settlement agreement and release and enter a stipulated judgment, it must "scrutiniz[e]" the settlement for fairness" and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA provisions. *Lynn's Food*, 679 F. 2d at 1353, 1355); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003). In that regard, the Eleventh Circuit has noted that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009). Thus, "in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." *Vergara v. Delicias Bakery & Restaurant, Inc.*, 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012).

A) Bona fide dispute

Section 216(b) of the FLSA provides that "... [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages..." 29 U.S.C. § 216(b). Section 207 is captioned "Maximum Hours" and paragraph (a)(1) states as follows:

6

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Upon review of the amended complaint, answer, and the amended joint motion to approve settlement, the Court finds that there is a "bona fide dispute" as to whether the defendants violated the FLSA by failing to pay Plaintiffs for overtime work.  In the amended complaint in the main action, Plaintiffs allege that Renosol "failed to pay Plaintiffs and others similarly situated, overtime at the statutory rate of time and one-half for all hours worked in excess of 40 each week in direct violation of 29 U.S.C. § 207" and that Renosol "failed to pay any wages for some hour worked in direct violation of 29 U.S.C. § 206." (Doc. 125, p. 6) Renosol and the individual defendants denied these allegations and raised sixteen specific defenses and reserved their right to assert further defenses as appropriate. (Doc. 132)

In the amended joint motion to approve settlement, the parties indicate that after extensive discovery including the production of Plaintiffs' pay records, they continued to disagree over the merits of Plaintiffs' claims with Renosol contending that Plaintiffs were properly paid and disagreed as to the amount of overtime compensation.  Also, in the consolidated actions, *Goldsby v. David Ash, et al.*, Civil Action No. 2:10-0187-C (S.D. Ala. 2010) and *Brown v. Renosol Seating, LLC, et al.,* Civil Action No. 2:11-0626-CG-C (S.D. Ala. 2011), plaintiffs alleged that defendants failed to pay wages for some hours worked in violation of 29 U.S.C. § 206.

B) <u>Fair and reasonable resolution</u>

The Court is obligated to "scrutiniz[e]" the settlement for fairness" and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA provisions.

*Lynn's Food*, 679 F. 2d at 1353, 1355).  Upon review of the complaints, answers, the amended joint motion to approve settlement and the amended settlement agreement and release, the Court finds that the amended joint motion to approve the settlement must be denied with leave to re-file, for the following reasons:

    1)  <u>"Total damages"</u>

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Generally, an award of liquidated damages is mandatory if a FLSA violation occurs.

Plaintiffs in this consolidated action have alleged claims for unpaid wages, unpaid overtime wages, and liquidated damages. (Doc. 125, amended complaint)  However, the parties state that"[t]his action was filed by Plaintiff on her behalf and others similarly situated, . . .  alleging claims for unpaid overtime" and that "[u]nder the settlement agreement, Defendant has agreed to pay Plaintiffs' overtime compensation." (Doc. 170, p.1-2)  Also, the amended settlement agreement and release provides for an amount of "Total Damages" but does not break down the amount to show whether it is composed of unpaid overtime compensation, unpaid wages, or liquidated damages. (*Id.*, 2-7)  However, the amended settlement agreement and release contains a release provision for a broad spectrum of wage and hour claims under federal and state law which arguably could include a release of wage claims and liquidated damages under the FLSA. (*Id.,* ¶ 3)

In order for the Court to determine whether the settlement is a fair and reasonable resolution of the plaintiffs' FLSA claims, the court must consider whether in compromising their claims, the plaintiffs agreed to forego their statutory right to liquidated damages and their unpaid hourly wage claim and receive only their unpaid overtime compensation.  However, the information before the

Court is not clear on this point.

2) Retention of jurisdiction

Paragraph 12, of the amended settlement agreement and release, captioned "Retention of Jurisdiction", provides that

> The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

(Doc. 170-1, p. 10).

As a general rule, this Court does not retain jurisdiction to enforce the terms of any settlement agreement.  Moreover, the parties did not move the Court for an order retaining jurisdiction and did not provide the Court with any factual or legal basis for the Court to retain jurisdiction.

3) Missing consent to become a party plaintiff

Debra Sarvory is included as a plaintiff in the amended settlement agreement and release. (Doc. 170-1, p. 6)  However, the Court has been unable to locate her consent to become a party plaintiff.

4) Reasonable attorneys' fee and costs

Pursuant to 29 U.S.C. § 216(b), "[t]he court in [an FLSA action] shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  In the context of a collective action, the Court must determine the reasonableness of attorneys' fees to minimize the conflicts that may arise between the attorney and the plaintiffs. *Piambino v. Bailey*, 610 F. 2d 1306, 1328 (5th Cir. 1980).  According to the amended settlement agreement and release, the parties agreed to settle this action for a total sum of $250,000.00 that was then apportioned between plaintiffs' damages in the amount of $142,334.59 and their counsels' attorneys' fees and costs in the amount of

9

$107,665.41. (Doc. 170-1) Thus, the Court must ascertain whether $107,665.41 is a reasonable attorneys' fee and costs and not the result of any fraud or collusion and not tainted by any conflict of interest between the plaintiffs and their counsel.

The parties assert that the amended settlement agreement and release "should be approved because the separately negotiated payment of attorney's fees and expenses is reasonable" and that the "agreement regarding payment of Plaintiffs' counsel's attorney's fees and costs was reached separately and without regard to the amount paid to Plaintiffs." (Doc. 170, p. 4)   They also state that "Plaintiffs' claims were not compromised by any deduction of attorney's fees, costs or expenses." (*Id.*)

However, the parties agreed to a lump sum of $250,000.00 and the amount of attorneys' fees falls when plaintiffs' are awarded damages.[4]  Therefore, the amount of attorneys' fees and costs does not appear to have been "reached separately and without regard to the amount paid to Plaintiffs." *See Crabtree v. Volkert, In*c., 2013 WL 593500, *7 (S.D. Ala. Feb. 4, 2013) (addressing a lump sum payment that was divided between counsel and plaintiffs pursuant to a contingency fee agreement). Thus, the Court must be sure that the settlement agreement and release has not been tainted by any conflict of interest regarding the agreed upon attorneys' fees. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").  In that regard, since the Court cannot ascertain whether the "Total Damages" includes liquidated damages and damages for unpaid wages in addition to damages for unpaid overtime wages, and thus cannot

---

[4] When Cowanda Cobb and Taika Hall's damages were included in the settlement agreement, the amount of attorneys' fees and costs were reduced by the amount of their combined damages awards.  (Compare the Settlement agreement at Doc. 165-1 with Doc. 170-1).

resolve the question of whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, the Court cannot ascertain whether the agreed upon attorneys' fee is reasonable.

Additionally, when attorneys' fees and expenses are negotiated separately from the amount paid to plaintiffs, the Court still must determine the reasonableness of those fees and expenses by considering "the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services." *Padurjan v. Aventura Limousine & Transportation Service, Inc.*, 441 Fed. Appx. 684, 686 (11th Cir.2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).  Multiplying the reasonable hourly rate by the hours reasonably expended yields the "lodestar" which is the "starting point" for the Court's determination. *Patel v. Shree Jalarm, Inc.*, 2013 WL 5175949, 6 (S.D. Ala., Sept. 13, 2013) (slip copy) (citing *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir.2008) and *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (explaining that the Eleventh Circuit "mirrored the evolving standards of the Supreme Court" and its election of the lodestar method)).

C) Final certification of the collective action

The Eleventh Circuit has suggested that the district courts "adopt" a "two-tiered approach to certification of § 216(b) opt-in classes . . .  [as] an effective tool for district courts to use in managing these often complex cases." *Hipp v. National Life Ins. Co.*, 252 F 3d 1208, 1219 (11th Cir. 2001); [5] *Anderson v. Cagles, Inc.,* 488 F. 3d 945, 953 (11th Cir. 2007); *Morgan v. Family Dollar Stores, Inc.*, 551 F. 3d 1233, 1260 (11th Cir. 2008) ("while not requiring a rigid process for

---

[5] Plaintiff Hipp brought an action under the Age Discrimination in Employment Act.  The ADEA adopts certain provisions of the FLSA including the penalties provision found in 29 U.S.C. § 216(b). 29 U.S.C. § 626(b)

determining similarity, we have sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase"). The first tier, the conditional certification of the representative class or "notice" stage, is complete[6] and the action is now at the second tier when the Court must decide whether to grant final certification of the class. *Hipp*, 252 F. 3d at 1218.

This second stage is "typically precipitated by a motion for decertification by the defendant" after discovery and before trial. *Hipp*, 252 F. 3d at 1218.[7]  However, the issue may also arise upon agreement of the parties when an FLSA action has been settled before final class certification and trial. *See Hosier v. Mattress Firm, Inc.*, 2012 WL 2813960, *3 (M.D. Fla. June 8, 2012) ("Here, the parties agree for purposes of settlement that all Qualified Claimants 'are similarly situated.' . . .The parties represent that 'the discovery in this case indicated that the [Qualified Claimants] share a common job description and allegedly performed similar job duties nationwide.'")

In that circumstance, before the settlement can be approved, "the Court must make a decision whether final certification of the collective action is appropriate."  *Hosier*, 2012 WL 2813960 at *2.  In making the decision, the court must determine whether the plaintiffs "are similarly situated by considering the following factors: '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant[s] [that] appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations[.]'" *Id*. (quoting *Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1261 (11th Cir.2008) (internal quotations and citations omitted)).  Also, at the second stage, the burden to show substantial similarity is more stringent than at the first stage. *Id*.

---

[6]  "[T]he importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." *Morgan v. Family Dollar Stores, Inc.*, 551 F. 3d 1233, 1259 (11th Cir. 2008).

[7]  At that procedural posture, the plaintiffs bear the burden of establishing that

However, the parties have not agreed that the plaintiffs and opt-in plaintiffs are "similarly situated". [8] Nor have they provided the Court with any evidence in support of the factors that the Court must consider in making the decision. Also, they have not provided the Court with any legal basis for approving the settlement of this collective action without first deciding whether final certification should be granted.

D. Notice of dismissal without prejudice as to the individual defendants David Ash, Peter Bernier, Connie Messer, Wayne Savage, Ricky Brown, and Robert Stricklin (doc. 168).

Plaintiffs filed a notice of dismissal without prejudice with each party to bear its own costs as to their claims against the individual defendants Ash, Bernier, Messer, Savage, Brown and Stricklin, the management level employees of Renosol. Plaintiffs filed the notice pursuant to "Rule 41(a)(1) and/or Rule 41(a)(2)" of the Federal Rules of Civil Procedure.

Dismissal under Rule 41(a)(1)(i) is not available because defendants did not sign the notice of dismissal and because defendants served their answer on August 10, 2012.[9] Thus, only Rule 41(a)(2) is available. In that regard, the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). *See Garcia v. Spirit Airlines, Inc*., 2011 WL 2312562 (S.D. Fla. June 8, 2011) (applying Rule 41(a)(2) in an FLSA action). Generally, "[t]he decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds no right to such dismissal.[] What is more, in exercising its discretion, the court must 'keep in mind

---

[8] Plaintiffs allege that they were hourly employees who worked at Renosol's manufacturing plant. Defendants generally admitted only that plaintiffs were employed by Renosol.

[9] Fed. R. Civ. P. 41(a)(1)(A)(i) allows voluntary dismissal without court action, if the notice of dismissal is filed before the defendants "serve either an answer or a motion for summary judgment."

the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.'"  *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir.2006) (quoting *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir.1991))  Plaintiffs have presented inconsistent information that impairs the Court's ability to determine what terms are proper for the dismissal. As stated above, plaintiffs seek to voluntarily dismiss these individual defendants <u>without prejudice</u> (doc. 168).  However, in paragraph 1(b) of the amended settlement agreement and release, plaintiffs agree that upon court approval of the settlement, they will "take all action necessary to have the claims in the Litigation dismissed <u>with prejudice</u>, subject to the terms of paragraph '3'" (doc. 170-1, p. 7) (underline added).  Then, in paragraph 3, they release and forever discharge Renosol "<u>and (iii) any current or former . . . employee</u> . . . from any and all claims that were or could have been brought by him or her in the Litigation . . ." (doc. 170-1, p.8) (underline added).  Reading these paragraphs together, if the Court approves the settlement agreement and release, the claims against the individual defendants will be dismissed with prejudice.

In view of the FLSA's requirement that the Court scrutinize any settlement agreement for fairness, the protection offered defendants when plaintiffs move to dismiss pursuant to Rule 41(a)(2), and the inconsistency discussed herein, the Court declines to enter an order of dismissal as to the claims against the individual defendants at this time. Accordingly, dismissal of the individual defendants is denied with leave to re-file on or before October 29, 2013.

E. <u>The joint stipulation of dismissal and the amended notice of dismissal (doc. 169) and joint stipulation of dismissal (doc. 167)</u>

Counsel for all parties who have appeared in the action signed a joint stipulation of dismissal for Cowanda Cobb, Lewis J. Freeman, Taika Hall, Johnnie Hamilton, Rosalind Reeves, and Joyce Williams' claims against Renosol wherein the parties stipulate to dismissal without prejudice with each party to bear its own costs. (Doc. 167) The parties also stipulated that the dismissal was "pursuant to Federal Rules of Civil Procedure 41(a)(1) and /or 41(a)(2)." *Id.*  The parties then filed

an amended notice of dismissal and joint stipulation wherein the claims of Cobb and Hall were not dismissed but instead were to be included in the amended joint motion to approve settlement and in the amended settlement agreement and release (doc. 169).

The parties have given the Court two options for addressing the joint stipulation. First, the Court may treat the stipulation for dismissal without prejudice as made under Rule 41(a)(1)(A)(ii) which provides for voluntary dismissal by the plaintiff without a court order by filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ P. Rule 41(a)(1)(A)(ii).  Some courts have recognized this method for dismissal without prejudice of a FLSA action. *Appleby v. Hickman Const., Inc*., 2013 WL 1197758 (N.D. Fla. Mar. 25, 2013) (slip copy) ("Where the parties stipulate to dismissal *without* prejudice, the plaintiff is not foreclosed from refiling any FLSA claim at a later time, and thus, such a stipulated dismissal remains self executing without contravening the FLSA.") (citing *PerezNunez v. N. Broward Hosp. Dist.,* 609 F.Supp.2d 1319, 1320–21 (S.D.Fla.2009)) (italics in original); *Caban v. Installation and Service Technologies, Inc*., 2009 WL 4730537, *5 (M.D. Fla. Dec. 4, 2009) (recommending dismissal without prejudice where court had not reviewed the fairness of an oral settlement agreement and stating that "the dismissal cannot be with prejudice on that basis alone.").

However, some courts have found that FLSA claims cannot be dismissed in this manner because Rule 41(a)(1) states that a stipulation under that rule is "[s]ubject to . . . any applicable federal statute" such as the FLSA. [1] *See Santos v. Gomez, LLC*, 2013 WL 4523492 (M.D. Fla. Aug. 26, 2013) (slip copy) ("If plaintiff's Notice of Dismissal With Prejudice [pursuant to Rule 41(a)(1)(A)(ii)] is the product of a settlement, the Court must be notified and must review the terms of the proposed settlement. If not, and plaintiff has just decided to dismiss her case without consideration from defendants, plaintiff can simply tell the Court that no settlement is involved. The Federal Rules of Civil Procedure do not overrule the FLSA's substantive requirement of a court-

approved settlement.").  The district court in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp 2d 332 (S.D.

N.Y.  2012) was confronted with a possible Rule 41(a)(1) voluntary dismissal and reasoned as

follows:

> Finally, it bears noting that while Scholastic's letter says nothing on the subject,
> the Agreement itself contains a clause providing that if "the Court refuses to
> accept this Agreement on a confidential basis, the parties agree in the alternative
> to dismissal of the litigation via stipulation pursuant to Federal Rule of Civil
> Procedure 41." Voluntary dismissal by the plaintiff without a court order under
> Rule 41(a)(1), however, is subject to "any applicable federal statute,"
> Fed.R.Civ.P. 41 (a)(1), and as discussed above, the FLSA does not allow an
> employee to waive or otherwise settle a claim for unpaid wages for less than the
> full statutory damages unless the settlement is supervised by the Secretary of
> Labor or made pursuant to a judicially supervised stipulated settlement. There
> may be circumstances in which voluntary dismissal of an FLSA claim without a
> court order is proper, but to allow it in the present circumstances—where the
> parties have reached a settlement agreement— would permit an end run around
> the FLSA's judicial-supervision requirement. Accordingly, the Court concludes
> that the parties in this case may not stipulate to dismissal of the case without a
> court order pursuant to Rule 41(a)(1). Instead, the case "may be dismissed at the
> plaintiffs request only by court order, on terms that the court considers proper."
> Fed.R.Civ.P. 41(a)(2).

*Id.* at 340-341.[10]

This leads the Court to the second option presented by the joint stipulation: That the Court

may treat the stipulation as plaintiffs' motion pursuant to Rule 41(a)(2) for dismissal on "terms that

the court considers proper."  However, this option calls upon the Court to consider the

circumstances surrounding the plaintiffs' dismissal without prejudice in order to determine what

terms of dismissal are proper.  *See In re Family Dollar FLSA Litigation*, 2012 WL 370068 (W.D.

---

[10]  A different result was reached in *Acosta v. United Temps, Inc*., 2012 WL  3038167, *2 (M.D.
Fla. July 16, 2012).  The district court, citing *Anago Franchising, Inc. v. Shaz LLC*, 677 F.3d 1272
(11th Cir. 2012), recognized that courts in that district had dismissed FLSA cases on joint
stipulation of dismissal "without determining whether the parties' settlement is fair and reasonable"
but noted "that a defendant who exacts a compromise of a plaintiff's FLSA claim and does not
obtain approval of the settlement from the Department of Labor or the court acts at his own peril
because the settlement is unenforceable.")

N.C. Feb. 3, 2012) (allowing plaintiff to be dismissed from the litigation without prejudice pursuant to Rule 41(a)(2) upon finding that "Plaintiff indicated her desire to withdraw from this litigation, due to the birth of her son").

The Court is hesitant to apply either Rule 41(a)(1)(A)(ii) or Rule 41(a)(2) without information as to the circumstance surrounding the decision by these four plaintiffs to dismiss their FLSA claims without prejudice and information why their claims are addressed separately from the plaintiffs who are receiving compensation and agree to dismissal with prejudice. Therefore, the Court declines to enter an order of dismissal as to the claims of Freeman, Hamilton, Reeves and Williams at this time and the joint stipulation of dismissal (doc. 167) and the amended notice of dismissal and joint stipulation of dismissal (doc. 169) are denied with leave to re-file on or before October 29, 2013.

Conclusion

For the foregoing reasons, the amended joint motion for approval of the amended joint motion for approval of the amended settlement agreement and release is **DENIED with leave to re-file on or before October 29, 2013;** the joint stipulation of dismissal for Cowanda Cobb, Lewis J. Freeman, Taika Hall, Johnnie Hamilton, Rosalind Reeves, and Joyce Williams' claims against Renosol Seating, LLC (doc. 167) and the amended notice of dismissal and joint stipulation of dismissal (doc. 169) are **DENIED with leave to re-file on or before October 29, 2013**; and the notice of dismissal as to the individual defendants (doc. 168) is **DENIED with leave to re-file  on or before October 29, 2013.**

DONE and ORDERED this the 11th day of October 2013.

**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**